# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UPSTACK HOLDCO Inc., | CASE NO. _____ |
| Plaintiff, | |
| v. | **UPSTACK HOLDCO Inc.'s Complaint for Breach of Contract** |
| Type2Telecom, LLC, | March 4, 2025 |
| Defendant. | |

## Introduction and Statement of Case

Plaintiff UPSTACK HOLDCO, Inc. ("UPSTACK") brings this action against Type2Telecom, LLC ("Type2") for breach of contract, seeking compensatory damages and additional relief. As detailed herein, Type2 has failed to pay UPSTACK commissions owed pursuant to the Master Agency Agreement. Under that Agreement, UPSTACK markets Type2's services and refers potential customers to Type2 in exchange for the payment of commissions based on sales made and revenue earned from those referral efforts. When Type2 first fell behind on commission payments, UPSTACK attempted to work with Type2 to satisfy the outstanding amounts due. However, despite agreeing on the amounts owed and representing that it would make the obligated payments, Type2 has continually failed to do so. As

a result of Type2's breach, UPSTACK seeks damages in excess of $247,000, along with other compensatory and declaratory relief.

## The Parties, Jurisdiction, and Venue

1.      UPSTACK is a New York Corporation with its principal place of business in New York, New York.

2.      Type2 is a Limited Liability Company, organized under New Jersey law with an address at 21 Main Street, Asbury Park, New Jersey, 07712.

3.      Upon information and belief Type2 has a sole member—Joe Fitzgerald—who upon information and belief, is a citizen of and resides in New Jersey.

4.      The amount in controversy between UPSTACK and Type2 exceeds $75,000, exclusive of interests and costs.

5.      Subject matter jurisdiction exists under 28 U.S.C. § 1332, as there is complete diversity of citizenship between UPSTACK and Type2, and the amount in controversy exceeds $75,000.00.

6.      The contract at issue, the Master Agency Agreement, was made in Connecticut and contains a forum selection clause requiring all disputes under the Master Agency Agreement to be heard in federal or state courts in Connecticut and Connecticut law applies to this dispute.

## Factual Allegations

### A. UPSTACK's Business.

7.      UPSTACK is a technology consulting and IT support company providing end-to-end technological expertise and support to its clients with respect to their technology colocation, connectivity, Unified Communications as a Service (UCaaS), Call Center as a Service (CCaaS), cloud, security, mobility, interest of things, and business continuity needs, as well as other internet, data center, and telecommunications infrastructure requirements.

8.      Among other things, UPSTACK makes recommendations to its client with respect to those matters, including without limitation the provision of help desk services, and acting as a sales agent for suppliers and a broker of related technology services.

9.      UPSTACK has commission arrangements with hundreds of suppliers and technology service distributors and its revenues are derived from the commissions paid by the suppliers and technology service distributors based on the amount spent by the end customer.

10.      As part of its business, UPSTACK acquires other agencies that are in the technology advisory partner space.

11.      Specifically, UPSTACK acquires the assets of the agencies, which consist primarily of commission agreements between the agencies and

technology suppliers and technology service distributors, as well as the relationships the agencies have with end users.

**B. Type2 Enters Into a Master Agency Agreement, Whereby It Agrees to Pay Commissions in Exchange for the Marketing of Type2's Services.**

12.    Defendant, Type2 is a supplier of technology products and services.

13.    In October of 2018, Type2 entered into a Master Agency Agreement (the "Agreement") with DVP Technologies, LLC, a Connecticut-based provider of communications solutions and consulting. *See* Agreement, *attached as* Ex. A.[1]

14.    Pursuant to the Agreement, DVP Technologies served as the non-exclusive Master Agent for the purpose of marketing and soliciting orders for the technology products provided by Type2.

15.    In return, Type 2 pays the Master Agent commissions based on sales, orders, and revenue made from customers that the Master Agent refers to Type2.

**C. UPSTACK Acquires the Rights and Obligations of the Master Agency Agreement with Type2 and Becomes Type2's Master Agent.**

16.    In February 2022, UPSTACK acquired substantially all of DVP Technologies' business assets, including all of DVP Technologies' rights and obligations pursuant to the Agreement with Type2.

---

[1] The Master Agency Agreement is subject to a confidentiality provision and will be provided to the Court after entry of an appropriate protective order.

17.    The Agreement contained an assignment provision allowing either Party the right to assign their rights and obligations under the Agreement with the other party's consent. Ex. A, Agreement, § 11.1.

18.    On February 17, 2022, Type2 consented in writing to the assignment of the Agreement to UPSTACK.    *See* Notice of Assignment, *attached as* Ex. B.[2]

19.    As a result of the assignment of the Agreement, UPSTACK became the "Master Agent" for Type2 and began marketing and soliciting potential customers for Type2 to service.

**D. Type2 is Obligated to Pay Commissions to UPSTACK Pursuant to the Master Agency Agreement.**

20.    In return for the marketing services and referrals, Type2 pays commissions to UPSTACK on customers' recurring revenue for customers referred to Type2 by UPSTACK. Ex. A, Agreement, § 4.

21.    Type2 is obligated to pay UPSTACK two types of commissions under the Agreement—monthly commissions on certain customer's monthly recurring revenue and Referred Party Override Commissions for customers brought to Type2 by a referral partner of UPSTACK. *Id*., §§ 4.1.1, 4.2.

---

[2] The Notice of Assignment is subject to a confidentiality agreement and will be provided to the Court after entry of an appropriate protective order.

22.     Under the Agreement, Type2 is obligated to pay these commissions to UPSTACK for as long as Type2 receives revenue from said customers. *Id.*, § 4.3.

23.     Type2 is obligated to pay monthly commissions on the thirtieth day of the month following the month that Type2 receives payment for services from the applicable customers. *Id.*, § 4.4.1.

24.     Type2 is obligated to pay the Referred Party Override Commissions to UPSTACK on a quarterly basis. *Id.*, § 4.4.2.

### E. Type2 Defaults on the Master Agency Agreement by Failing to Pay the Commissions Owed to UPSTACK and UPSTACK Demands Payment.

25.     However, in the Summer of 2024, Type2 began failing to pay the full amount of commissions it owes to UPSTACK under the Agreement.

26.     Despite multiple efforts by UPSTACK to work collaboratively with Type2 to establish a payment plan without disrupting the parties' ongoing business relationship, Type2 continues to default on its payment obligations and remains in arrears.

27.     As a result of Type2's failure to comply with its obligations under the Agreement and pay the commissions owed, UPSTACK sent a demand letter to Type demanding the payment of $247,000 in past due commissions. *See* Demand Letter, *attached as* Ex. C.

28.    Type 2 failed to respond to the Demand Letter and still has not paid the outstanding commissions owed to UPSTACK pursuant to the Agreement.

29.    As a result, Type2 owes UPSTACK in excess of $247,000 in past due commissions under the Agreement—and amount that continues to increase over time.

30.    Additionally, Type2 is not paying commissions as they come due under the Agreement.

## Count I – Breach of Contract

31.    UPSTACK incorporates by reference the foregoing Paragraphs 1-23.

32.    Type2 had a duty under Section 4 of the Agreement to pay commissions to UPSTACK on recurring revenues of customers brought to Type2 by UPSTACK, DVP Technologies, or their referral partners.

33.    Type2 has failed to pay various monthly commissions and Referral Override Commissions to UPSTACK as required by Section 4 of the Agreement.

34.    Type2 continues to be in arrears on its obligation to pay commissions to UPSTACK as required by Section 4 of the Agreement.

35.    Type2 has stopped paying current commissions to UPSTACK as required by Section 4 of the Agreement.

36.    Accordingly, Type2 breached its obligations under the Agreement by failing to pay past due and current commissions required by the Agreement.

37.    As a foreseeable result of Type2's breach, UPSTACK has incurred damages relating to Type2's failure to pay past due and ongoing commission obligations.

38.    Consequently, Type2 is liable to UPSTACK for breach of contract, and UPSTACK is entitled to judgement in its favor and an award of damages.

WHEREFORE, Defendant UPSTACK HOLDCO Inc., respectfully prays that the Court order as follows:

1.    Judgement in UPSTACK's favor on its claims;

2.    An order of the Court declaring that, pursuant to the Agreement, Type2 must pay commission payments to UPSTACK on an ongoing basis in accordance with Article 4 of the Agreement;

3.    Interest at the legal rate on the foregoing sum; and

4.    All other relief, in law or equity, to which UPSTACK may show itself entitled.

Dated: March 4, 2025              **Attorneys for Defendant Upstack Ventures, LLC**

By: s/ *Kevin P. Polansky*
    Kevin P. Polansky (Juris No. 434359)
    Fed. Bar No. 28806
    kevin.polansky@nelsomullins.com
    Nelson Mullins Riley & Scarborough

One Financial Center, Suite 3500
Boston, Massachusetts 02111
Tel: (617) 217-4700

# Exhibit A –

# Master Agency Agreement – Confidential

# Exhibit B –

# Notice of Assignment – Confidential

# Exhibit C –

# Demand Letter



NELSON MULLINS

NELSON MULLINS RILEY & SCARBOROUGH LLP
**ATTORNEYS AND COUNSELORS AT LAW**
One PPG Place
Suite 3200
Pittsburgh, PA  15222
T: (412) 730-4050   F: (412) 567-9241
**nelsonmullins.com**

Kevin C. Meacham
Attorney
T: (412) 730-3117
kevin.meacham@nelsonmullins.com

January 6, 2025

**<u>Via FedEx Overnight Mail</u>**

Type2Telecom LLC
Attn: Joe Fitzgerald
21 Main Street
Asbury Park, New Jersey 07712
joe@type2telecom.com (Courtesy Copy via Email)
ewinter@type2telecom.com (Courtesy Copy via Email)

RE:    **Master Agency Agreement dated October 31, 2018 between Type2Telecom, LLC ("Telecom" or "Supplier") and DVP Technologies, LLC and further assigned to UPSTACK Holdco Inc. ("UPSTACK" or "Master Agent") on February 22, 2022 ("Master Agency Agreement")**

Dear Mr. Fitzgerald:

As you know, this law firm represents UPSTACK with respect to the Master Agency Agreement between UPSTACK and Telecom.  On October 16, 2024, UPSTACK sent Telecom a Demand Letter, in which UPSTACK set forth Telecom's various breaches of the Master Agency Agreement and demanded that Telecom pay UPSTACK the $247.810.22 in commissions that Telecom owes. To date, Telecom has not responded to UPSTACK's Demand Letter and still has not paid UPSTACK the commissions it is owed pursuant to the Master Agency Agreement.

Enclosed please find a Complaint in which UPSTACK asserts a breach of contract claim against Telecom for the commissions owed under the Master Agency Agreement.  Unless Telecom pays the full amount owed within seven (7) days of the date of this letter, UPSTACK will file the Complaint and initiate a lawsuit against Telecom in the United States District Court for the District of Connecticut to collect all monies owed to UPSTACK.

UPSTACK expressly reserves all rights.

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | ILLINOIS | MARYLAND | MASSACHUSETTS | MINNESOTA
NEW YORK | NORTH CAROLINA | OHIO | PENNSYLVANIA | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA
4925-3505-0252

Type2Telecom LLC
January 6, 2025
Page 2

Best regards,

Kevin C. Meacham

KCM:tal

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UPSTACK HOLDCO Inc., | CASE NO. _____ |
| Plaintiff, | |
| v. | **UPSTACK HOLDCO Inc.'s Complaint for Breach of Contract** |
| Type2Telecom, LLC, | |
| Defendant. | |

## <u>Introduction and Statement of Case</u>

Plaintiff UPSTACK HOLDCO, Inc. ("UPSTACK") brings this action against Type2Telecom, LLC ("Type2") for breach of contract, seeking compensatory damages and additional relief. As detailed herein, Type2 has failed to pay UPSTACK commissions owed pursuant to the Master Agency Agreement. Under that Agreement, UPSTACK markets Type2's services and refers potential customers to Type2 in exchange for the payment of commissions based on sales made and revenue earned from those referral efforts. When Type2 first fell behind on commission payments, UPSTACK attempted to work with Type2 to satisfy the outstanding amounts due. However, despite agreeing on the amounts owed and representing that it would make the obligated payments, Type2 has continually failed to do so.

As a result of Type2's breach, UPSTACK seeks damages in excess of $247,000, along with other compensatory and declaratory relief.

## The Parties, Jurisdiction, and Venue

1.     UPSTACK is a New York Corporation with its principal place of business in New York, New York.

2.     Type2 is a Limited Liability Company, organized under New Jersey law with an address at 21 Main Street, Asbury Park, New Jersey, 07712.

3.     Upon information and belief Type2 has a sole member—Joe Fitzgerald—who upon information and belief, is a citizen of and resides in New Jersey.

4.     The amount in controversy between UPSTACK and Type2 exceeds $75,000, exclusive of interests and costs.

5.     Subject matter jurisdiction exists under 28 U.S.C. § 1332, as there is complete diversity of citizenship between UPSTACK and Type2, and the amount in controversy exceeds $75,000.00.

6.     The contract at issue, the Master Agency Agreement, was made in Connecticut and contains a forum selection clause requiring all disputes under the Master Agency Agreement to be heard in federal or state courts in Connecticut and Connecticut law applies to this dispute.

## Factual Allegations

## A. UPSTACK's Business.

7.     UPSTACK is a technology consulting and IT support company providing end-to-end technological expertise and support to its clients with respect to their technology colocation, connectivity, Unified Communications as a Service (UCaaS), Call Center as a Service (CCaaS), cloud, security, mobility, interest of things, and business continuity needs, as well as other internet, data center, and telecommunications infrastructure requirements.

8.     Among other things, UPSTACK makes recommendations to its client with respect to those matters, including without limitation the provision of help desk services, and acting as a sales agent for suppliers and a broker of related technology services.

9.     UPSTACK has commission arrangements with hundreds of suppliers and technology service distributors and its revenues are derived from the commissions paid by the suppliers and technology service distributors based on the amount spent by the end customer.

10.     As part of its business, UPSTACK acquires other agencies that are in the technology advisory partner space.

11.     Specifically, UPSTACK acquires the assets of the agencies, which consist primarily of commission agreements between the agencies and technology suppliers and technology service distributors, as well as the relationships the agencies have with end users.

3

**B. Type2 Enters Into a Master Agency Agreement, Whereby It Agrees to Pay Commissions in Exchange for the Marketing of Type2's Services.**

12.     Defendant, Type2 is a supplier of technology products and services.

13.     In October of 2018, Type2 entered into a Master Agency Agreement (the "Agreement") with DVP Technologies, LLC, a Connecticut-based provider of communications solutions and consulting.  *See* Agreement, *attached as* Ex. A.

14.     Pursuant to the Agreement, DVP Technologies served as the non-exclusive Master Agent for the purpose of marketing and soliciting orders for the technology products provided by Type2.

15.     In return, Type 2 pays the Master Agent commissions based on sales, orders, and revenue made from customers that the Master Agent refers to Type2.

**C. UPSTACK Acquires the Rights and Obligations of the Master Agency Agreement with Type2 and Becomes Type2's Master Agent.**

16.     In February 2022, UPSTACK acquired substantially all of DVP Technologies' business assets, including all of DVP Technologies' rights and obligations pursuant to the Agreement with Type2.

17.     The Agreement contained an assignment provision allowing either Party the right to assign their rights and obligations under the Agreement with the other party's consent. Ex. A, Agreement, § 11.1.

18.    On February 17, 2022, Type2 consented in writing to the assignment of the Agreement to UPSTACK.    *See* Notice of Assignment, *attached as* Ex. B.

19.    As a result of the assignment of the Agreement, UPSTACK became the "Master Agent" for Type2 and began marketing and soliciting potential customers for Type2 to service.

**D. Type2 is Obligated to Pay Commissions to UPSTACK Pursuant to the Master Agency Agreement.**

20.    In return for the marketing services and referrals, Type2 pays commissions to UPSTACK on customers' recurring revenue for customers referred to Type2 by UPSTACK. Ex. A, Agreement, § 4.

21.    Type2 is obligated to pay UPSTACK two types of commissions under the Agreement—monthly commissions on certain customer's monthly recurring revenue and Referred Party Override Commissions for customers brought to Type2 by a referral partner of UPSTACK. *Id.*, §§ 4.1.1, 4.2.

22.    Under the Agreement, Type2 is obligated to pay these commissions to UPSTACK for as long as Type2 receives revenue from said customers. *Id.*, § 4.3.

23.    Type2 is obligated to pay monthly commissions on the thirtieth day of the month following the month that Type2 receives payment for services from the applicable customers. *Id.*, § 4.4.1.

5

24.    Type2 is obligated to pay the Referred Party Override Commissions to UPSTACK on a quarterly basis. *Id.*, § 4.4.2.

**E.  Type2 Defaults on the Master Agency Agreement by Failing to Pay the Commissions Owed to UPSTACK and UPSTACK Demands Payment.**

25.    However, in the Summer of 2024, Type2 began failing to pay the full amount of commissions it owes to UPSTACK under the Agreement.

26.    Despite multiple efforts by UPSTACK to work collaboratively with Type2 to establish a payment plan without disrupting the parties' ongoing business relationship, Type2 continues to default on its payment obligations and remains in arrears.

27.    As a result of Type2's failure to comply with its obligations under the Agreement and pay the commissions owed, UPSTACK sent a demand letter to Type demanding the payment of $247,000 in past due commissions. *See* Demand Letter, *attached as* Ex. C.

28.    Type 2 failed to respond to the Demand Letter and still has not paid the outstanding commissions owed to UPSTACK pursuant to the Agreement.

29.    As a result, Type2 owes UPSTACK in excess of $247,000 in past due commissions under the Agreement—and amount that continues to increase over time.

30.    Additionally, Type2 is not paying commissions as they come due under the Agreement.

## Count I – Breach of Contract

31.    UPSTACK incorporates by reference the foregoing Paragraphs 1-23.

32.    Type2 had a duty under Section 4 of the Agreement to pay commissions to UPSTACK on recurring revenues of customers brought to Type2 by UPSTACK, DVP Technologies, or their referral partners.

33.    Type2 has failed to pay various monthly commissions and Referral Override Commissions to UPSTACK as required by Section 4 of the Agreement.

34.    Type2 continues to be in arrears on its obligation to pay commissions to UPSTACK as required by Section 4 of the Agreement.

35.    Type2 has stopped paying current commissions to UPSTACK as required by Section 4 of the Agreement.

36.    Accordingly, Type2 breached its obligations under the Agreement by failing to pay past due and current commissions required by the Agreement.

37.    As a foreseeable result of Type2's breach, UPSTACK has incurred damages relating to Type2's failure to pay past due and ongoing commission obligations.

38.    Consequently, Type2 is liable to UPSTACK for breach of contract, and UPSTACK is entitled to judgement in its favor and an award of damages.

WHEREFORE, Defendant UPSTACK HOLDCO Inc., respectfully prays that the Court order as follows:

1.    Judgement in UPSTACK's favor on its claims;

2.    An order of the Court declaring that, pursuant to the Agreement, Type2 must pay commission payments to UPSTACK on an ongoing basis in accordance with Article 4 of the Agreement;

3.    Interest at the legal rate on the foregoing sum; and

4.    All other relief, in law or equity, to which UPSTACK may show itself entitled.

Dated: _____, 2025          **NELSON MULLINS RILEY & SCARBOROUGH, LLP**


By: s/_____

*Attorneys for Defendant Upstack Ventures, LLC*

**Tricia Long**

| | |
|---|---|
| **From:** | FedEx Tracking <TrackingUpdates@fedex.com> |
| **Sent:** | Tuesday, January 7, 2025 12:35 PM |
| **To:** | Tricia Long |
| **Subject:** | Your shipment was delivered 284043401010 |

**External Source/Sender notice**
Use caution responding or clicking links/attachments.

Report Suspicious



# Your shipment was delivered.

### Delivery Date

## Tue, 01/07/2025
## 12:28pm

### Delivered to

210 W Front St 102, ASBURY PARK, NJ 07712

### Received by

J.Fitzgerald

**Report missing package**

# How was your delivery?



# Personal message

PSShip eMail Notification

## Tracking details

| | |
|---|---|
| **Tracking ID** | 284043401010 |
| **From** | Nelson Mullins<br>Suite 3200<br>One PPG Place<br>Pittsburgh, PA, US<br>15222 |

| | |
|---|---|
| **To** | Type2Telecom LLC<br>21 MAIN ST<br>ASBURY PARK, NJ, US<br>07712 |
| **Ship date** | Mon 1/06/2025 06:21 PM |
| **Number of pieces** | 1 |
| **Total shipment weight** | 0.50 LB |
| **Service** | FedEx Priority Overnight |
| **Reference** | 078062.00013-09542- |
| **Shipper reference** | 078062.00013-09542- |

**TRACK SHIPMENT**



# Easier Tracking, better security, and more control

Enroll for free and get more visibility and control for your deliveries from start to finish. And if you need to make a return, our network of 10,000+ locations makes drop off easy.

**ENROLL NOW**

## This tracking update has been requested by:

| | |
|---|---|
| **Company name** | Nelson Mullins |
| **Name** | Kevin Meacham |
| **Email** | kevin.meacham@nelsonmullins.com |

✉ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 11:35 AM CST 01/07/2025.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2025 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our Privacy Notice. All rights reserved.

Thank you for your business.

ID  1026


January 09, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 284043401010

---

**Delivery Information:**

---

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed for by: | J.Fitzgerald | Delivery Location: | |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Adult Signature Required | | ASBURY PARK, NJ, |
| | | Delivery date: | Jan 7, 2025 12:28 |

**Shipping Information:**

---

| | | | |
|---|---|---|---|
| Tracking number: | 284043401010 | Ship Date: | Jan 6, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |
| Recipient: | | Shipper: | |
| ASBURY PARK, NJ, US, | | Pittsburgh, PA, US, | |
| Reference | 078062.00013-09542- | | |

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment. Please check again later for a signature.

Thank you for choosing FedEx